UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARNELL R. HICKS,

           Plaintiff,

-against-

BEN ERVIN; JAMES KASTANIS; JOHN DOE; JOHN DOE,

           Defendants.

1:23-CV-1840 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Darnell R. Hicks, of Peekskill, New York, who is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. He sues Ben Ervin, James Kastanis, and two unidentified "John Doe" defendants, all of whom appear to be members of the Village of Ossining Police Department. Plaintiff asserts that the defendants have violated his federal constitutional or statutory rights, including his "[r]ight to due process[,] [f]reedom [f]rom self incrimination and double [j]eopardy/other rights of the people." (ECF 2, at 2.) Plaintiff asks for the following relief: "[T]hese officers should not be working in this field to lie on statement and not put the truth shows that the cover up in that town is real [*sic*]." (*Id.* at 6.) The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated March 3, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Plaintiff has "a full video of [his] being called [the] N word by [a building's] management and still [a police] report [that he filed] does not state anything that th[o]se racist people did." (ECF 2, at 5.) On April 8, 2021, at the building located at 35 Snowden Avenue, in Ossining, New York, he showed the defendants, who appear to be members of the Village of Ossining Police Department, "the full video of [his] . . . recording and they still did not put anything in [the police report] that was true." (*Id.*) Plaintiff "use[d] [his] camera for [his own] protection because [he] know[s] [that the defendants] don't like [him]." (*Id.*) He showed them proof that he did not live in the building, but they "still . . . wrote a false statement." (*Id.*) The defendants and/or the Chief of the Village of Ossining Police Department apparently did not include in the report that members of the building's management had called Plaintiff a racial slur. "The reason why [Plaintiff] recorded [his encounter with members of the building's management] is because . . . the [maintenance] man was running around tell[ing] everyone he had a gun and it scared people." (*Id.*)

## DISCUSSION

**A.      Failure to investigate and protect**

Plaintiff asserts that his federal constitutional or statutory rights that have been violated include his"[r]ight to due process[,] [f]reedom [f]rom self incrimination and double [j]eopardy/other rights of the people." (ECF 2, at 2.) Plaintiff, who does not allege that he has been arrested or has been taken into custody, however, does not provide any facts showing that he has been denied procedural or substantive due process, or that his rights against self-incrimination or double jeopardy or, for that matter, any of his other federal constitutional rights, have been violated.

Instead, the Court understands Plaintiff's complaint as asserting claims, under 42 U.S.C. § 1983, that the defendants, all seemingly police officers, violated his federal constitutional rights when they failed to investigate his allegations or protect him from harm. The Court must, however, dismiss those claims because government officials, including police officers, generally have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when government officials affirmatively create or increase a danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

To the extent that Plaintiff asserts that the defendants failed to protect him or investigate harm that had come to him, he does not allege any facts suggesting that either of these two

exceptions is applicable here. The Court therefore dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he allege facts sufficient to state a claim under Section 1983.

**B.      Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court for Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to replead his claims in an amended complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). The Court, however, grants Plaintiff 60 days' leave to replead his claims under Section 1983 in an amended complaint. If Plaintiff fails to file an amended complaint in the time allowed, or fails to show cause why the Court should excuse such failure, the Court will enter judgment dismissing this action; the Court will dismiss Plaintiff's claims under federal law for the reasons set forth in this order, *see id.*, and will decline to consider, under its supplement jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 22, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
